IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TATIANA COLEMAN :
305 N. 65th St, Unit 8 :
Philadelphia, PA 19139 :
        Plaintiff :
         :
         :
v. :
         :
         :
APPLE SHORT TERM :
DISABILITY BENEFIT PLAN :
One Apple Park Way, :
Cupertino, CA 95014 :
        Defendant : NO.:

**COMPLAINT**

NOW COMES, the Plaintiff, Tatiana Coleman, by and through his Counsel, Pond, Lehocky, Giordano, LLP, and hereby complains of the above referenced Defendant, Apple Short Term Disability Benefit Plan (hereinafter referred to as "Apple"), as follows:

I. **STATEMENT OF JURISDICTION:**

1. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy issued to the Claimant through her Employer, thus it is governed by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

2. All acts and occurrences material to the instant causes of action occurred within the jurisdictional boundaries of this Honorable Court as the denial of benefits was sent to the Plaintiff at 305 N. 65th Street, Unit 8, Philadelphia, PA 19139.

## II. FACTS:

3. The Plaintiff, Tatiana Coleman, is an adult and competent individual with a physical address of 305 N. 65th Street, Unit 8, Philadelphia, PA 19139.

4. The Defendant, Apple, under information and belief, is a business entity with a principal place of business located at One Apple Way, Cupertino, CA 95014.

5. On a date certain, Sedgwick, managed a benefit plan for the Plaintiff's employer, Apple, which provided for short term disability benefits under the Apple Short Term Disability Plan.

6. The aforementioned plan is an employee benefit plan as defined and covered under the terms of ERISA.

7. At all times material and relevant hereto, all policy premiums due on behalf of the Plaintiff under said policy were paid.

8. At all times material and relevant hereto, the Plaintiff performed all obligations required of her under said plan for disability benefits.

9. At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan managed by Sedgwick to the Plaintiff's

employer, Apple.

10. On a date certain, the Plaintiff filed an application for short term disability benefits with Sedgwick.

11. By correspondence, Sedgwick notified the Plaintiff that her claim was denied as they found that she was capable of performing the essential duties of her regular occupation.

12. The Plaintiff filed an administrative appeal and submitted additional medical records, opinions of her treating physician in support of her claim.

13. By correspondence dated August 5, 2021, Sedgwick denied the Plaintiff's administrative appeal and informed her of her right to bring a civil action disputing the adverse benefit decision.

14. Apple through its administrator, Sedgwick, acted arbitrarily, capriciously and in a manner serving only its own business interest when it denied the Plaintiff's claim for disability benefits.

15. The actions of Apple through its administrator, Sedgwick, in denying the Plaintiff's claim for disability insurance benefits was arbitrary, capricious and was not made in good faith and made in violation of 29 U.S.C. §1001, et seq.

16. The actions of Apple, through its administrator, Sedgwick, in denying the Plaintiff's claim for disability insurance benefits are contrary to the language of the policy in question.

17. The Plaintiff is entitled to disability insurance benefits under the aforementioned policy as she has satisfied through medical evidence that she meets the definition of disability under the policy of insurance.

18. The Plaintiff is entitled to recover the benefits due to her under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

19. As a direct and proximate result of the actions of Apple, through its administrator, Sedgwick, as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

20. As a direct and proximate result of the actions of Apple, through its administrator, Sedgwick, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from April 21, 2021 to the present and continuing into the future.

WHEREFORE, the Plaintiff, Tatiana Coleman, respectfully requests that judgment be entered against Apple as follows:

1. Ordering Apple to pay to the Plaintiff, Tatiana Coleman, short term disability insurance benefits from April 21, 2021 to the present and continuing into the future as provided for in the policy of insurance;

2. Awarding the Plaintiff, Tatiana Coleman, prejudgment interest on the award until the date of judgment;

3. Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4. Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

BY: _____
Michael J. Parker, Esquire
PA Bar ID No.: 93024

Pond, Lehocky, Giordano, LLP
One Commerce Square
2005 Market Street
18th Floor
Philadelphia, PA 19103
(215)568-7500
Mparker@pondlehocky.com